IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR149 |
| v. | |
| GAIL H. TIFT, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Gail H. Tift's ("Tift") *pro se* Motion for Sentence Reduction (Filing No. 119). For a second time Tift asks the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the following reasons, Tift's motion is once again denied.

His current motion seeks relief on the same bases raised in his prior motion (Filing No. 99). That motion was denied in this Court's February 27, 2023, Memorandum and Order (Filing No. 113).

Tift recounts the stroke he suffered while in BOP custody in June of 2021, and again complains that he is not receiving therapy for the many deficits that stroke has caused. He also once again points to COVID-19 as another extraordinary and compelling reason for his release.

In the Court's prior order, the Court considered but noted it was not yet bound by the Sentencing Commission's then most-recent changes to its policy statements regarding compassionate release. U.S.S.G.§ 1Bl.13. Having reviewed those policy statements, which are now in effect, the Court's view of this request has not changed. Tift has not provided any new medical evidence. In fact, all of the medical documentation he attaches to his *pro se* motion dates back to the time of his stroke in June of 2021.

As the Court reads the current motion, Tift is largely seeking relief based on his belief that he "was told to resubmit my Compassionate Release when I served more time of my sentence." Filing No. 119 at 6. While the Court did previously note in its Memorandum denying relief that Tift had served only four years of his fifteen-year sentence, he was not "told to resubmit." He certainly has the right to do so.[1]

Having reviewed the Court's prior Memorandum and Order, the policy statements in U.S.S.G. §1B1.13 and having again weighed all the 3553(a) factors, the Court finds that Tift has not presented "extraordinary and compelling reasons for his release at this time. The Court denies relief to Tift for the same reasons set forth in its February 27, 2023, Memorandum and Order.

IT IS SO ORDERED.

Dated this 30th day of December 2025.

BY THE COURT:

*Robert F. Rossiter, Jr.*
Robert F. Rossiter, Jr.
Chief United States District Judge

---

[1] The First Step Act does require an applicant to "fully exhaust all administrative rights to appeal a failure of the [Bureau of Prisons ("BOP")] to bring a motion on [his] behalf or the lapse of thirty days from the receipt of such request" by the facility warden, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Because Tift's request is virtually identical to his previous request, with the exception of the fact that he has served more time since that request, the Court will not require separate exhaustion of Tift's remedies.